IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOHN R. JAMISON, ) | |
| ) | |
| Plaintiff, ) | Case No. 03-1036-KI (lead case) |
| ) | Case No. 04-31-KI |
| vs. ) | Case No. 04-76-KI |
| ) | |
| OLIN CORPORATION-WINCHESTER ) | ORDER ADOPTING SPECIAL MASTER'S |
| DIVISION; U.S. REPEATING ARMS ) | RECOMMENDATIONS ON SUMMARY |
| CO., INC.; BROWNING; BROWNING ) | JUDGMENT MOTIONS ON |
| ARMS CO.; and G.I. JOE'S INC., ) | INFRINGEMENT |
| ) | |
| Defendants. ) | |

Robert A. Shlachter
Timothy S. DeJong
Jacob S. Gill
Stoll Stoll Berne Lokting & Shlachter P.C.
209 S. W. Oak Street, Fifth Floor
Portland, Oregon 97204

William O. Geny
Chernoff Vilhauer McClung & Stenzel LLP
601 S. W. 2nd Avenue, Suite 1600
Portland, Oregon 97204

Attorneys for Plaintiff

James R. Farmer
Mark A. Miller
Brett L. Foster
L. Grant Foster
Timothy P. Getzoff
Holland & Hart LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah 84111-1031

Jeffrey S. Love
Ramon A. Klitzke, II
Richard D. McLeod
Klarquist Sparkman, LLP
One World Trade Center, Suite 1600
121 S. W. Salmon Street
Portland, Oregon 97204-2988

    Attorneys for Defendants Browning, Browning Arms Co., and U. S. Repeating Arms Co., Inc.

Robert E. Sabido
Cosgrave Vergeer Kester LLP
805 S. W. Broadway, 8th Floor
Portland, Oregon 97205-3303

Stephen D. Gay
Husch & Eppenberger, LLC
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402

Dutro E. Campbell, II
Gregory E. Upchurch
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

    Attorneys for Defendants Olin Corporation-Winchester Division and G. I. Joe's, Inc.

KING, Judge:

On December 3, 2004, I appointed special master Robert L. Harmon to assist the court by holding proceedings and recommending findings of fact on issues to be decided by the court.

On or about October 4, 2005, the special master issued a report and recommendation regarding summary judgment motions on infringement filed by Browning, Browning Arms Co., and U.S. Repeating Arms Co. (the "Browning defendants"), and by plaintiff John R. Jamison. Specifically, the special master issued recommendations on the Browning defendants' Motion for Partial Summary Judgment on Plaintiff's Induced Infringement Claim, the Browning defendants' Motion for Partial Summary Judgment on Plaintiff's Willful Infringement Claim, and plaintiff's Motion for Partial Summary Judgment (Infringement).

The Browning defendants, Olin Corporation-Winchester Division ("Olin"), and plaintiff timely filed objections to the special master's report and recommendation. The Browning defendants object to the recommendations as follows: (1) with regard to their motion for partial summary judgment on plaintiff's willful infringement claim, the Browning defendants argue plaintiff failed to provide evidence demonstrating that the Browning defendants had actual notice of the patents in suit prior to this lawsuit, necessitating summary judgment relating to their pre-litigation activities; (2) that plaintiff failed to provide evidence of willful intent, mandating summary judgment for the Browning defendants on both their motion for partial summary judgment on plaintiff's willful infringement claim and on plaintiff's induced infringement claim; and (3) new evidence presented to the special master at the hearing on the motions for summary judgment raises a genuine issue of material fact precluding plaintiff's motion for partial summary judgment on infringement.

Olin objects to the special master's recommendation to grant in part plaintiff's motion for summary judgment on infringement. Olin asserts that issues of material fact remain as to the construction of the relevant claims, and argues that new evidence precludes granting plaintiff's motion.

Finally, plaintiff objects to the special master's recommendation to deny in part plaintiff's motion for summary judgment on infringement. Plaintiff argues defendants did not provide any evidence demonstrating a material issue of fact exists to overcome his motion for summary judgment.

The court finds that oral argument is not necessary to resolve the objections. However, both the Browning defendants and Olin raise an argument in their objections to the special master's recommendation on plaintiff's motion for summary judgment that I must address. Plaintiff sought summary judgment as to the patent claims that include the "sufficient propellant" and "capable of operably withstanding 50,000 psi" limitations based on defendants' admissions in response to plaintiff's discovery requests. The special master recommended granting this portion of plaintiff's motion, but noted in his report:

> Defendants now seek to renege on these admissions by pointing to the deposition, in late September, of plaintiff's expert Janzen. They say that certain documents that came to light in connection with that deposition demonstrate that Janzen used a strain gauge pressure test technique that would result in measurements of *less than 50,000 psi* for the accused cartridges . . . .
>
> The SM explained to the parties that he could not possibly recommend a ruling on the import of this evidence without briefing. The issues involved are technologically complex. Also, any resolution may well require exercise of the Court's discretion on the important question of whether defendants should be relieved of their admissions, upon which both plaintiff and the SM have relied in dealing with this motion. The SM also explained that he was not willing to recommend to the Court that issuance of this report be delayed pending some

Page 4 - ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATIONS ON SUMMARY JUDGMENT
MOTIONS ON INFRINGEMENT

future resolution of those questions. Appropriate procedure would seem to require defendants to file a formal motion seeking relief from any partial summary judgment of infringement that may be entered by the Court based upon the following recommendation [granting plaintiff's motion for summary judgment].

Report and Recommendation of Special Master Regarding Summary Judgment Motions on Infringement at 20-21 (emphasis in original).

Defendants now request that I permit them to withdraw their admissions because they received evidence from plaintiff three days before the summary judgment hearing that purportedly raises a genuine issue of material fact. The new evidence allegedly demonstrates that the accused cartridges and rifles do not meet the claim language for "sufficient propellant" and "capable of operably withstanding 50,000 psi," based on strain gauge tests conducted by plaintiff's expert. Therefore, according to defendants, a genuine issue of fact precludes granting plaintiff's motion for summary judgment on infringement.

> Federal Rule of Civil Procedure 36(b) provides:
> Any matter admitted under this rule [related to requests for admissions] is conclusively established unless the court on motion permits withdrawal or amendment of the admission . . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

The first question is directed to whether "withdrawal will aid in the resolution of the case." Gallegos v. City of Los Angeles, 308 F.3d 987, 993 (9th Cir. 2002). The second prong is concerned with "the difficulty a party may face in proving its case including problems caused by the unavailability of key witnesses or the sudden need to obtain evidence with respect to the questions previously admitted." Id. (internal citations omitted).

With respect to the second inquiry, plaintiff relied exclusively on these admissions in his motion for summary judgment. Trial is scheduled to proceed in approximately two weeks, and plaintiff has not prepared evidence on infringement of the relevant claim limitation. Plaintiff has satisfied me that he will be prejudiced if defendants are permitted to rescind their admissions at this very late date.

As for the first question, I am not convinced that withdrawal will aid in presenting the merits of the action. Defendants have known since at least the special master's claim construction report and recommendation in January of this year that plaintiff intended to rely on the strain gauge as his measurement technique. Indeed, the special master anticipated that at trial the parties "will doubtless offer expert testimony evidencing pressure measurements by various techniques." Report and Recommendation of Special Master Regarding Claim Construction at 28. However, rather than engage in a "battle of the experts" on this issue, or even wait for plaintiff's expert reports due at the end of April, defendants admitted in early April of this year in response to discovery requests that the relevant accused products meet the limitation. See Ex. 11 and 12 in Support of Plaintiff's Motion for Summary Judgment (Infringement).

Furthermore, the "new evidence" is "fouling shots." Plaintiff's expert describes the "fouling shots" in his deposition as follows: "Okay, the first page here was merely fouling shots to break in the barrel. The fouling shots could have been performed without even being hooked up to the Oehler system. I think they have very little relevance to any of the work that was done." Ex. G at 207: 7-11 to Browning's Objections to Report and Recommendation of Special Master Regarding Summary Judgment Motions on Infringement. Plaintiff explains his expert did not attach these "fouling shots" to the report because the report does not rely on them. The tests

plaintiff's expert provided to defendants in late April of this year show the accused products satisfy the 50,000 psi limitation, and provide the detail defendants need to challenge his conclusions. Yet defendants did not seek to withdraw their admissions upon receiving the expert reports, or upon receiving plaintiff's motion for summary judgment relying on defendants' admissions. Finally, I do not believe a jury could reasonably conclude that plaintiff's expert's fouling shots prove that the accused products do not infringe, and therefore I do not believe that permitting defendants to withdraw their admissions would assist in resolving this case.

Accordingly, after reviewing de novo the special master's report and recommendations, I adopt the report and recommendation and order as follows:

1. Browning's defendants' Motion for Partial Summary Judgment on Plaintiff's Induced Infringement Claim (#308) is granted in part and denied in part. As to preissuance activity, the Browning defendants are granted a partial summary judgment declaring that none of their acts that occurred prior to the issuance of the '138 and '717 patent, respectively, create any liability for inducement of infringement of those respective patents under 35 U.S.C. § 271(b). The jury will be instructed that evidence regarding preissuance activity, while it may be relevant to other issues is the case, cannot create liability for inducement.

2. Browning defendants' Motion for Partial Summary Judgment on Plaintiff's Willful Infringement Claim (#320) is denied. Browning is precluded from suggesting to the jury that it relied on advice of counsel, and plaintiff is precluded from suggesting that Browning did not seek advice of counsel.

3. Plaintiff's Motion for Partial Summary Judgment (Infringement) (#332) is granted in part and denied in part.

   a. Plaintiff's motion is denied to the extent it seeks a summary judgment of literal direct infringement of claims 11 and 20 of the '717 patent, and claims 1-4, 9, and 10 of the '138 patent.

   b. Plaintiff's motion is denied to the extent it seeks a summary judgment of literal direct infringement of claims 10 and 19 of the '138 patent, claims 18 and 30 of the '174 patent, claims 10 and 19 of the '717 patent, and claims 10 and 20 of the '983 patent.

   c. Plaintiff's motion is granted with respect to the following products and claims:

      i. Factory-loaded 270 WSM, 7mm WSM, and 300 WSM cartridges literally infringe each of claims 11-14 of the '138 patent.

      ii. Factory-loaded 223 WSSM, 243 WSSM, and 25 WSSM cartridges literally infringe each of claims 1-2, 5-9, 12, 13 and 16-18 of the '717 patent. Factory-loaded 25 WSSM cartridges also literally infringe each of claims 3 and 14 of the '717 patent.

      iii. All A-Bolt and BLR rifles chambered for WSM cartridges infringe claims 1-4 of the '174 patent, and all Model 70 rifles chambered for WSM cartridges infringe claims 1-4 and 31 of the '174 patent.

///

  iv. All A-Bolt rifles chambered for WSSM cartridges infringe claims 1-2, 3 (25 WSSM only), 5-8, 12-13, 14 (25 WSSM only), and 16-18 of the '983 patent. All Model 70 rifles chambered for WSSM cartridges infringe claims 1-2, 3 (25 WSSM only), 5-8, 11-13, 14 (25 WSSM only), 16-18, and 21 of the '983 patent.

IT IS SO ORDERED.

Dated this \_\_\_2nd\_\_\_ day of November, 2005.

/s/ Garr M. King
Garr M. King
United States District Judge