IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN R. JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03-1036-KI (lead case) |
| | ) | Case No. 04-31-KI |
| vs. | ) | Case No. 04-76-KI |
| | ) | |
| OLIN CORPORATION-WINCHESTER | ) | ORDER ADOPTING SPECIAL MASTER'S |
| DIVISION; U.S. REPEATING ARMS | ) | RECOMMENDATIONS ON SUMMARY |
| CO., INC.; BROWNING; BROWNING | ) | JUDGMENT MOTIONS ON TRADE |
| ARMS CO.; and G.I. JOE'S INC., | ) | SECRET |
| | ) | |
| Defendants. | ) | |

    Robert A. Shlachter
    Timothy S. DeJong
    Jacob S. Gill
    Stoll Stoll Berne Lokting & Shlachter P.C.
    209 S. W. Oak Street, Fifth Floor
    Portland, Oregon 97204

    William O. Geny
    Chernoff Vilhauer McClung & Stenzel LLP
    601 S. W. 2nd Avenue, Suite 1600
    Portland, Oregon 97204

        Attorneys for Plaintiff

James R. Farmer
Mark A. Miller
Brett L. Foster
L. Grant Foster
Timothy P. Getzoff
Holland & Hart LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah  84111-1031

Jeffrey S. Love
Ramon A. Klitzke, II
Richard D. McLeod
Klarquist Sparkman, LLP
One World Trade Center, Suite 1600
121 S. W. Salmon Street
Portland, Oregon  97204-2988

    Attorneys for Defendants Browning, Browning Arms Co., and U. S. Repeating Arms Co., Inc.

Robert E. Sabido
Cosgrave Vergeer Kester LLP
805 S. W. Broadway, 8th Floor
Portland, Oregon  97205-3303

Stephen D. Gay
Husch & Eppenberger, LLC
736 Georgia Avenue, Suite 300
Chattanooga, TN  37402

Dutro E. Campbell, II
Gregory E. Upchurch
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105

    Attorneys for Defendants Olin Corporation-Winchester Division and G. I. Joe's, Inc.

KING, Judge:

On December 3, 2004, I appointed special master Robert L. Harmon to assist the court by holding proceedings and recommending findings of fact on issue to be decided by the court.

On or about October 4, 2005, the special master issued a report and recommendation regarding trade secret summary judgment motions filed by Browning, Browning Arms Co., and U.S. Repeating Arms Co. (the "Browning defendants"), and by Olin Corporation-Winchester Division ("Olin"). Specifically, the special master issued recommendations on the Browning defendants' Motion for Partial Summary Judgment of No Trade Secret Misappropriation and Olin's Motion for Summary Judgment on Count 2 (Misappropriation of Trade Secrets).

The Browning defendants, Olin and plaintiff John R. Jamison timely filed objections to the special master's report and recommendation. The Browning defendants object to the recommendation as follows: (1) given my Opinion and Order of September 28, 2005 dismissing plaintiff's claim for breach of an implied in fact confidentiality agreement, the plaintiff's claim for misappropriation of the "existence of the JRW project" as a trade secret should also be dismissed; and (2) that plaintiff consented to the public disclosure of the existence of the JRW project; the existence of the JRW project is not the trade secret of "another" in the language of the Oregon Uniform Trade Secrets Act ("OUTSA"); plaintiff made no reasonable efforts to maintain the secrecy of the existence of the JRW project; and plaintiff failed to provide evidence that the Browning defendants knew of the existence of the JRW project through improper means.

Olin raises the following objections: (1) plaintiff should not have been permitted to identify the existence of the JRW project as a trade secret in summary judgment briefing; (2) my September 28, 2005 Opinion and Order requires dismissal of plaintiff's trade secret claim; and (3)

the existence of the JRW project was disclosed; plaintiff consented to disclosure of the trade secret; and plaintiff failed to maintain the secrecy of the trade secret.

Plaintiff's objections are as follows: (1) that he can claim misappropriation of a jointly developed trade secret; (2) that the special master improperly relied on patent law in resolving the trade secret motions for summary judgment; and (3) that plaintiff provided sufficient evidence to overcome defendants' motions for summary judgment.

The court finds that oral argument is not necessary to resolve the objections. However, both the Browning defendants and Olin raise an argument in their objections to the special master's recommendation that I must address. In my Opinion and Order of September 28, 2005, I dismissed plaintiff's claim for breach of an implied in fact confidentiality agreement. Plaintiff asserted that the parties owed each other the duty of confidentiality with respect to "jointly developed JRW project information." I found that an implied in fact confidentiality agreement could not arise from circumstances in which information was jointly developed, given the legal precedent relied on by plaintiff, as opposed to plaintiff conveying information to another with the expectation that it remain confidential.

Defendants assert that because I purportedly found no duty of confidentiality existed, I should not adopt the special master's recommendation and I should grant defendants' motions for summary judgment on plaintiff's remaining trade secret claim–the existence of the JRW project. More specifically, defendants rely on the language of OUTSA which makes the "disclosure or use of a trade secret of another" unlawful if:

the trade secret was:

\* \* \* \*

(B) Acquired under circumstances giving *rise to a duty* to maintain its secrecy or limit its use; or

(C) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

ORS 646.461(d) (emphasis added). In addition, defendants contend there is no difference between the existence of the JRW project and information jointly developed–without one there would not be the other.

The special master remarked in his report:

> The parties have raised the question whether the Court's Opinion and Order of September 28, 2005, which deals with other motions for summary judgment, impacts the foregoing conclusion [that plaintiff is entitled to a trial on whether the existence of the JRW project was secret]. In that Opinion and Order, Judge King granted Olin's motion for summary judgment to the extent that plaintiff's claim for breach of implied in fact contract covered information that was jointly developed in the JRW project. Although the SM wishes to defer to the Court on this question, a couple of observations may be pertinent. First, there may be a difference between information jointly developed during the project, and information regarding the very existence of the project. Second, and more important, are the words of OUTSA, to the effect that "knowledge of the trade secret [the very existence of the JRW project] was: * * * (B) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." In the view of the SM, "circumstances giving rise to a duty to maintain its secrecy or limit its use" are not necessarily limited to contracts implied in fact.

Report and Recommendation of Special Master Regarding Trade Secret Summary Judgment Motions at 21.

My Opinion and Order does not preclude me from adopting the special master's recommendation. It is true I found an implied in fact contract could not arise with respect to jointly developed JRW project information. However, this ruling did not extend to the existence of the JRW project–an idea the special master concluded *originated* to some extent with plaintiff. I did not read in plaintiff's responsive brief on his contract claims a request that I separately

Page 5 - ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATIONS ON SUMMARY JUDGMENT
    MOTIONS ON TRADE SECRET

consider whether an implied in fact contract could arise from the circumstances surrounding the very existence of the JRW project, which plaintiff describes in his response to defendants' trade secret summary judgment motions as two major manufacturers and plaintiff racing to market on the short magnum concept.

Accordingly, after reviewing de novo the special master's report and recommendation, I adopt the report and recommendation and order as follows:

1. The Browning defendants' Motion for Partial Summary Judgment of No Trade Secret Misappropriation (#305) is granted in part and denied in part.

2. Olin's Motion for Summary Judgment on Count 2 (Misappropriation of Trade Secrets) (#327) is granted in part and denied in part.

3. Specifically, summary judgment is entered in defendants' favor on plaintiff's claim of trade secret misappropriation of any and all aspects of the JRW project except information about its very existence.

IT IS SO ORDERED.

Dated this   3rd   day of November, 2005.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge