IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN R. JAMISON, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 03-1036-KI (lead case) |
| | ) | Case No. 04-31-KI |
|   vs. | ) | Case No. 04-76-KI |
| | ) | |
| OLIN CORPORATION-WINCHESTER | ) | ORDER ADOPTING SPECIAL MASTER'S |
| DIVISION; U.S. REPEATING ARMS | ) | RECOMMENDATIONS ON SUMMARY |
| CO., INC.; BROWNING; BROWNING | ) | JUDGMENT MOTIONS ON INVALIDITY |
| ARMS CO.; and G.I. JOE'S INC., | ) | |
| | ) | |
|     Defendants. | ) | |

    Robert A. Shlachter
    Timothy S. DeJong
    Jacob S. Gill
    Stoll Stoll Berne Lokting & Shlachter P.C.
    209 S. W. Oak Street, Fifth Floor
    Portland, Oregon  97204

    William O. Geny
    Chernoff Vilhauer McClung & Stenzel LLP
    601 S. W. 2nd Avenue, Suite 1600
    Portland, Oregon  97204

        Attorneys for Plaintiff

James R. Farmer
Mark A. Miller
Brett L. Foster
L. Grant Foster
Timothy P. Getzoff
Holland & Hart LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah 84111-1031

Jeffrey S. Love
Ramon A. Klitzke, II
Richard D. McLeod
Klarquist Sparkman, LLP
One World Trade Center, Suite 1600
121 S. W. Salmon Street
Portland, Oregon 97204-2988

      Attorneys for Defendants Browning, Browning Arms Co., and U. S. Repeating
            Arms Co., Inc.

Robert E. Sabido
Cosgrave Vergeer Kester LLP
805 S. W. Broadway, 8th Floor
Portland, Oregon 97205-3303

Stephen D. Gay
Husch & Eppenberger, LLC
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402

Dutro E. Campbell, II
Gregory E. Upchurch
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

      Attorneys for Defendants Olin Corporation-Winchester Division and G. I. Joe's, Inc.

KING, Judge:

On December 3, 2004, I appointed special master Robert L. Harmon to assist the court by holding proceedings and recommending findings of fact on issue to be decided by the court.

On or about October 4, 2005, the special master issued a report and recommendation regarding summary judgment motions on invalidity filed by Browning, Browning Arms Co., and U.S. Repeating Arms Co. (the "Browning defendants"), and by plaintiff John R. Jamison. Specifically, the special master issued recommendations on the Browning defendants' Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 112, Browning defendants' Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 102(f), Browning defendants' Motion for Partial Summary Judgment of Obviousness Under 35 U.S.C. § 103, Browning defendants' Motion for Partial Summary Judgment of Anticipation Under 35 U.S.C. § 102, and plaintiff's Motion for Partial Summary Judgment (Section 102 Defenses).

The Browning defendants and Olin Corporation-Winchester Division ("Olin") timely filed objections to the special master's report and recommendation. The Browning defendants object to the recommendations as follows: (1) with regard to their Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 112, the Browning defendants argue they relied on plaintiff's evidence that his patents did not teach a person of ordinary skill how to make a wildcat embodiment of his invention; that the patents fail to show plaintiff's preferred mode of 90% loading density; that the written description for "sufficient propellant," "operably extractable manually," and "short-action" are inadequate; and that plaintiff did not provide convincing data to substantiate the advantages of his cartridge; (2) with regard to their Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 102(f), the Browning defendants assert there is no

Page 3 - ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATIONS ON SUMMARY JUDGMENT
    MOTIONS ON INVALIDITY

genuine issue of fact that plaintiff derived the patented invention from readers of his January 1996 *Shooting Times* article; (3) with respect to their Motion for Partial Summary Judgment of Obviousness Under 35 U.S.C. § 103, the Browning defendants take issue with the special master's refusal to pick and choose among prior art references in conducting an obviousness analysis; that scaling up the PPC cartridges to a hunting cartridge was obvious; that it would have been obvious to modify the short, fact .30 (or .30-425 Jamison) cartridge; and that they should be allowed to rely on the 6x30 ASG, the .308 MCH, the .300 Demenus, and the Heavy Express as evidence of the level of ordinary skill in the art; (4) with respect to their Motion for Partial Summary Judgment of Anticipation Under 35 U.S.C. § 102, the Browning defendants object to the special master's conclusions with regard to the functional limitations in the patent claims; argue that a reference anticipating the cartridge claims renders the firearms claims obvious; that the .300 Demenus was publicly known; that the .30-425 Westley Richards anticipates the claimed invention if made from brass; that the court reconsider its claim construction of "short-action," thereby making the claimed invention anticipate the .375 Express; that the .308 MCH and 6x30 ASG were publicly accessible; and that there is sufficient corroborative evidence of prior public use of the Heavy Express.

Olin raises the following objections: (1) Olin makes the same best mode objection with regard to plaintiff's preferred mode of 90% loading density; (2) that the .308 MCH, the Heavy Express, the .300 Demenus, and the 6x30 ASG cartridges are evidence of the level of ordinary skill in the art; and that plaintiff's claimed invention is obvious; (3) that the .308 MCH, Heavy Express, .300 Demenus, and the 6x30 ASG cartridges are prior art because they were publicly

available; and that there is sufficient corroborative evidence of prior public use of the Heavy Express to make it prior art.

The court finds that oral argument is not necessary to resolve the objections. However, both the Browning defendants and Olin raise an argument in their objections to the special master's recommendation denying the Browning defendants' Motion for Partial Summary Judgment of Obviousness Under 35 U.S.C. § 103 that I must address. Defendants seek to rely on the 6x30 ASG, the .308 MCH, the .300 Demenus, and the Heavy Express as evidence of the level of ordinary skill in the art, claiming that the special master has "improperly brushe[d] aside clear Federal Circuit case law contradicting his personal view of the law . . . ." Browning's Objections to Special Master's Report and Recommendation on Invalidity at 4. The defendants principally rely on Thomas & Betts Corp. v. Litton Systems, Inc., 720 F.2d 1572, 1580 (Fed. Cir. 1983) in which the Federal Circuit upheld the trial court's use of "unpublished internal criteria," that was not prior art, as points of reference for the knowledge of one of ordinary skill in the art.

As plaintiff points out, I have a duty to determine whether evidence that may be relevant is nonetheless too prejudicial, confusing or misleading to warrant its admission under Federal Rule of Evidence 403. Relying on the special master's recommendation, the plaintiff's response to the defendants' objections, and the fact that defendants offer little analysis explaining how plaintiff will not be prejudiced, I reject this objection to the special master's recommendation.

After reviewing de novo the special master's report and recommendation, I adopt the report and recommendation and order as follows:

1. The Browning defendants' Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 112 (#281) is denied.

2.  The Browning defendants' Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 102(f) (#323) is denied.

3.  The Browning defendants' Motion for Partial Summary Judgment of Obviousness Under 35 U.S.C. § 103 (#347) is denied.  The court will preclude the introduction of evidence regarding the 6x30 ASG, the .308 MCH, the .300 Demenus, and the Heavy Express.

4.  Treating the Browning defendants' Motion for Partial Summary Judgment of Anticipation Under 35 U.S.C. § 102 and the plaintiff's Motion for Partial Summary Judgment (Section 102 Defenses) as cross-motions for summary judgment, the Browning defendants' Motion (#336) is denied, and the plaintiff's Motion (#340) is granted.  This ruling is binding on Olin.  Specifically,

    a.  There is no anticipation of any asserted claim of the '174 and '983 firearm patents by the 7x53 NS, 8x48 S, .300 Demenus, .308 MCH, .284 Heavy Express or .300 Heavy Express, the Lazzeroni 7.82 Patriot or the .375 Payne Express.

    b.  The 7x53 NS does not anticipate any asserted claim of any of the patents in suit.

    c.  The .308 MCH is not legally part of the prior art and does not, in any event, anticipate as a matter of fact.

    d.  The Heavy Express is not legally part of the prior art.

    e.  The .300 Demenus is not legally part of the prior art, and a trial is required to determine whether or not the 8x48 S is prior art.  Even if the 8x48 S and

the .300 Demenus were legally part of the prior art, they do not anticipate as a matter of fact.

  f. There is no anticipation by the .30-425 Jamison of any asserted claim of the patents in suit.

  g. There is no anticipation by the .30 (7.82) Lazzeroni Patriot.

  h. There is no anticipation by the .375 Payne Express.

IT IS SO ORDERED.

Dated this   3rd   day of November, 2005.

        /s/ Garr M. King
        Garr M. King
        United States District Judge